**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ykrivoshey@bursor.com
          fklorczyk@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS RUIZ, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-03436 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| MAGIC MOUNTAIN LLC, SIX FLAGS THEME PARKS INC., and SIX FLAGS ENTERTAINMENT CORPORATION, | |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff Francis Ruiz ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants Magic Mountain, LLC, Six Flags Theme Parks Inc., and Six Flags Entertainment Corporation ("Six Flags" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.      Six Flags has made the unconscionable decision to keep charging its hundreds of thousands of membership and season pass holders monthly membership fees while closing 100 percent of its theme parks as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.      Six Flags is the "largest regional theme park operator in the world and the largest operator of waterparks in North America based on the number of parks … operate[d].  Of [its] 26 regional theme parks and waterparks, 23 are located in the United States, two are located in Mexico and one is located in Montreal, Canada."[1] Four of these parks are located in California, including Six Flags Magic Mountain and Six Flags Hurricane Harbor outside of Los Angeles, and are open every day of the year.[2]

3.      To access Defendants' parks, the vast majority of customers sign up for (1) a monthly membership, paying a set fee every month along with an initiation fee, or (2) a season membership that must be renewed.[3]  Monthly membership fees range

---

[1] https://otp.tools.investis.com/clients/us/sixflags1/SEC/sec-show.aspx?Type=html&FilingId=13938752&CIK=0000701374&Index=10000

[2] https://www.latimes.com/business/la-fi-six-flags-365-days-20170823-story.html

[3] Per Defendants' February 22, 2020 Annual Report, 2019 park attendance was 32,811,000.  Annual Report at 40.  "Season pass and membership attendance constituted approximately 63% of the total attendance at [Defendants'] parks in each of 2019, 2018 and 2017."  Annual Report at 61.

between $7.85 to $42 per month depending on level purchased and any applicable incentives.  A season membership ranges between $240 to $505.  Some customers instead choose to pre-purchase single-use tickets to access Defendants' theme parks on a single occasion.

4.      To sign up for Defendants' memberships and passes, customers provide Defendants with their credit card or debit card information.  Defendants then automatically charge their customers' credit or debit cards as payments are due on a monthly basis.

5.      On March 13, 2020, Defendant announced that all of its parks – including Magic Mountain outside of Los Angeles – would be closed through the end of March due to COVID-19.[4]  On March 30, 2020, Defendant "announced that all the company's parks will remain closed until mid-May, or as soon as possible thereafter, reflecting federal and local restrictions in place to mitigate the spread of COVID-19."[5]

6.      However, unlike other companies, Defendants continued charging their customers full price monthly payments fees even though every park they own is closed through at least mid-May.  Defendants have also refused to reimburse pre-paid customers for the time they were unable to access the parks, instead choosing to extend passes "for the number of operating days the park is temporarily closed" and provide "one additional month for each month that the park is closed."  Per Magic Mountain's website:[6]

---

[4] https://www.foxla.com/news/six-flags-magic-mountain-latest-socal-theme-park-to-announce-temporary-closure-amid-coronavirus-concerns (last visited April 8, 2020).

[5] https://investors.sixflags.com/news-and-events/press-releases/2020/03-30-2020-161511960 (last visited April 8, 2020).

[6] https://www.sixflags.com/magicmountain/plan-your-visit/coronavirus-update (last visited April 8, 2020).



## Six Flags Magic Mountain and Hurricane Harbor Announce Temporary Closure

### The Parks Remain Committed to the Health and Safety of Park Guests and Team Members

LOS ANGELES, Calif. — March 30, 2020 – Six Flags Magic Mountain and Hurricane Harbor have temporarily suspended operations and will open in mid-May, or as soon as possible thereafter. While there have been no reported cases of COVID-19 at the properties, the safety of our guests and team members is always our highest priority. We will continue to closely monitor this evolving situation, and follow the most current guidance from federal, state, and local officials.

For guests with prepaid tickets, the valid dates have been extended to the end of the 2020 season. For current 2020 Season Pass Holders, passes will be extended for the number of operating days the park is temporarily closed. Six Flags Magic Mountain Members will receive one additional month for each month that the park is closed, plus a free Membership level upgrade for the rest of the 2020 Season (and/or other bonus benefits, as applicable).

7.     Defendants are able to unilaterally charge their customers monthly fees without their consent, as they are in possession of their customers' debit and credit card information.  Thus, Defendants have made the deliberate decision to bilk their customers on a monthly basis as the country is effectively shut down.

8.     The sole reason Defendants' customers pay monthly membership fees is to have *access* to Defendants' parks, which for some parks is advertised as being available every day of the year.  Now, however, Defendants are charging their customers full price while denying customers all access to all parks nationwide, while simultaneously refusing to reimburse customers for payments already made while parks are closed.

9.     Plaintiff seeks relief in this action individually, and on behalf of all of Defendants' customers nationwide that have paid or were charged fees while

1    Defendants' parks were closed for violations of the California Consumer Legal

2    Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law

3    ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus.

4    & Prof. Code §§ 17500, *et seq*., for breach of express warranties, negligent

5    misrepresentation, fraud, unjust enrichment, money had and received, conversion,

6    and breach of contract.

7                                    **PARTIES**

8         10.    Plaintiff Frankie Ruiz is a citizen of California, residing in Los Angeles.

9    Mr. Ruiz currently holds a monthly membership with Defendants for access to their

10   parks, paying $9.95 per month on a month-to-month basis.  Plaintiff has been a

11   month-to-month member since at least 2019.  On March 13, 2020, Defendants closed

12   all of their parks nationwide, including the Magic Mountain in Valencia, CA that

13   Plaintiff attended.  However, on March 30, 2020, Defendants charged Plaintiff's card

14   in the full amount of his month-to-month membership – $9.95 – even though

15   Plaintiff does not have access to any of Defendants' parks.  Further, Defendants have

16   not refunded Plaintiff any part of his monthly fee for March 13 to date, when

17   Defendants' parks were closed.  Upon learning this, Plaintiff contacted Six Flags for

18   a refund but was denied.  Plaintiff signed up for Defendants' month-to-month

19   membership with the belief and on the basis that he would have access to

20   Defendants' parks every day of the year.  Plaintiff would not have paid for the

21   membership, or would not have paid for it on the same terms, had he known that he

22   would not have access to any of Defendants' parks.  Plaintiff continues to face

23   imminent harm, as Defendants continue charging their customers monthly fees while

24   all of their parks remain closed.

25        11.    Defendant Magic Mountain LLC, is a California limited liability

26   company with its principal place of business located at 26101 Magic Mountain

27   Parkway, Valencia CA 91355.

28

CLASS ACTION COMPLAINT                                                          4

12.     Defendant Six Flags Theme Parks Inc. is a Texas corporation with its principal place of business located at 924 East Avenue J, Grand Prairie, TX 75050.

13.     Defendant Six Flags Entertainment Corporation is a Delaware corporation in Grand Prairie, Texas.  Defendant is the operator of 26 regional theme parks and waterparks, 23 of which are located in the United States.  Four of those parks are in California, including Magic Mountain and Discovery Kingdom outside of Los Angeles.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendants.

15.     This Court has general jurisdiction over Magic Mountain because it is headquartered in California.  This Court has specific jurisdiction over Six Flags Entertainment and Six Flags Theme Parks because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Plaintiff resides in this District.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Plaintiff resides in this District.

## CLASS REPRESENTATION ALLEGATIONS

17.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for memberships while Defendants' parks were closed.

18.     Plaintiff also seeks to represent a subclass defined as all members of the Class who were charged fees for memberships while Defendants' parks were closed in California (the "California Subclass").

19.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

20.     Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendants have or had a controlling interest.

21.     Plaintiff is a member of the Class and California Subclass he seeks to represent.

22.     Defendants have millions of customers nationwide that have paid or were charged fees while Defendants' parks were closed.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

23.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendants have breached their contracts with their customers and whether their actions are fraudulent and unlawful.

24.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading

advertising and was charged membership fees despite being barred from entry into Defendants' parks, and suffered losses as a result.

25.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

26.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of California's Consumers Legal Remedies Act,
### California Civil Code §§ 1750, *et seq.*
### (Injunctive Relief Only)

27.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

28.   Plaintiff brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

29.     Plaintiff and Class members are consumers who paid monthly fees for memberships or season passes that allow access to and use of Defendants' theme parks for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

30.     Access to Defendants' theme parks that Plaintiff and Class members purchased from Defendants was a "service" within the meaning of Cal. Civ. Code § 1761(b).

31.     Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

32.     Defendants' advertising that their theme parks, including Magic Mountain, would be accessible every day of the year, and that their customers would have access to their parks upon paying a membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendants in fact closed all of their parks while continuing to charge their customers the full price of membership.

33.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the services.

34.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth

herein, Defendants violated and continues to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the services.

35.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise services with the intent not to sell the services as advertised.

36.     Plaintiff and the Class acted reasonably when they purchased Defendants' park membership on the belief that Defendants' representations were true and lawful.

37.     Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' park memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all parks nationwide are closed; (b) they would not have purchased park memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' park membership based on Defendants' misrepresentations and omissions; and (d) Defendants' park memberships did not have the characteristics, benefits, or quantities as promised.

38.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA. Plaintiff mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendants fail to take corrective action within 30 days of receipt of the

demand letter, Plaintiff will amend the complaint to include a request for damages as permitted by Civil Code § 1782(d).

39.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

### COUNT II
**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq*.**

40.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendant.

42.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

43.     Defendants' advertising that their parks would be available every day of the year, and that their customers would have access to the parks upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed all of their parks while continuing to charge their customers the full price of park membership.

44.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, and the FAL, and other applicable law as described herein.

45.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising

and their charging of membership fees while their parks are closed is of no benefit to consumers.

46.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendants' parks.

47.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendants' parks were open and accessible.

48.     Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' park memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all parks nationwide are closed; (b) they would not have purchased parks memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' park membership based on Defendants' misrepresentations and omissions; and (d) Defendants' park memberships did not have the characteristics, benefits, or quantities as promised.

### <u>COUNT III</u>
**Violation of California's False Advertising Law,**
**California Business & Professions Code §§ 17500, *et seq*.**

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

51.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be

made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

52.     Defendants engaged in a scheme of charging customers full monthly membership fees while 100 percent of their parks were closed.  Defendants' advertising and marketing of their parks as being accessible every day of the year misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq*. in that the promotional materials were intended as inducements to purchase park memberships, and are statements disseminated by Defendants to Plaintiff and Class members.  Defendants knew that these statements were unauthorized, inaccurate, and misleading.

53.     Defendants' advertising that their parks would be available to their customers every day of the year, and that their customers would have access to their parks upon paying a membership fee is false and misleading to reasonable consumers, including Plaintiff, because Defendants in fact closed all of their parks while continuing to charge their customers the full price of park membership.

54.     Defendants violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendants' parks.

55.     Defendants knew or should have known, through the exercise of reasonable care that their advertising of their parks as being accessible every day of the year is false and misleading.  Further, Defendants knew or should have known

that they were breaching their contracts with their customers and fraudulently charging fees when they continued charging fees while all of their parks were closed.

56.    Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased or paid for Defendants' park memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all parks nationwide are closed; (b) they would not have purchased park memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' park membership based on Defendants' misrepresentations and omissions; and (d) Defendants' park memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT IV
**Breach of Express Warranty**

57.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

58.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

59.    In connection with the sale of park memberships, Defendants issue an express warranty that Defendants' parks are accessible every day of the year, excluding select holidays.

60.    Defendants' affirmation of fact and promise in Defendants' marketing and signage became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

61. Defendants breached their express warranty because Defendants' parks are not accessible every day of the year. In fact, Defendants charge customers the full amount of the monthly fees while 100 percent of their parks are closed.

62. Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased or paid for Defendants' park memberships absent Defendants' representations and omission of a warning that it would continue charging customers' credit cards and debit cards while all parks nationwide are closed; (b) they would not have purchased park memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' park membership based on Defendants' misrepresentations and omissions; and (d) Defendants' park memberships did not have the characteristics, benefits, or quantities as promised.

<u>**COUNT V**</u>
**Negligent Misrepresentation**

63. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

65. As discussed above, Defendants misrepresented that their parks are accessible every day of the year. However, Defendants in fact charge full price for monthly memberships even when 100 percent of their parks are closed to the public.

66. At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

67. At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about their park memberships and services.

68.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendants' park memberships.

69.     Plaintiff and Class members would not have purchased Defendants' park memberships, or would not have purchased the services on the same terms, if the true facts had been known.

70.     The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Fraud

71.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

73.     As discussed above, Defendants misrepresented that their parks are accessible every day of the year.  However, Defendants in fact charge full price for monthly memberships even when 100 percent of the parks are closed to the public. These misrepresentations and omissions were made with knowledge of their falsehood.

74.     The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to purchase Defendants' park memberships.

75.     The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII
### Unjust Enrichment

76.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

78.     Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, membership fees while 100 percent of Defendants' parks were and remain closed.

79.     Defendants have knowledge of such benefits.

80.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants are charging their customers full price while 100 percent of their parks remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' membership fees had the true facts been known.

81.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
### Money Had and Received

82.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

83.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

84.    Defendants received money in the form of membership fees that were intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendants have not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

85.    Defendants obtained roughly money in the form of membership fees that were intended to be used to provide park access to Plaintiff and the Class. However, Defendants have retained all of the membership fees while 100 percent of their parks were and remain closed.

## COUNT IX
### Conversion

86.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

87.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

88.    Plaintiff and members of the Class had a right to retain their membership fees while all of Defendants' parks were and remain closed; Defendants intentionally charged Plaintiff's and Class members' debit and credit cards in the full

amount of the monthly membership fees while Defendants' parks were closed; Plaintiff and Class members did not consent to Defendants charging of their debit and credit cards while Defendants' parks are closed; Plaintiff and Class members were harmed through Defendants' charging of their debit and credit cards; Defendants' conduct was a substantial factor in causing Plaintiff's and Class members' harm.

### COUNT X
### Breach of Contract

89.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

90.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

91.    Defendants entered into contracts with Plaintiff and Class members to provide access to park facilities in exchange for the payment of membership fees. Defendants have breached these contracts by continuing to charge Plaintiff's and Class members' debit and credit cards while 100 percent of the parks remain closed. Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to Defendants' parks.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative

of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  April 13, 2020          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
          Yeremey Krivoshey

Yeremey Krivoshey (State Bar No. 295032)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ykrivoshey@bursor.com
              fklorczyk@bursor.com

*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Yeremey Krivoshey, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and I am member of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in this District.

3.      I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Richmond, California this 13th day of April, 2020.

*/s/ Yeremey Krivoshey*

Yeremey Krivoshey

---

CLASS ACTION COMPLAINT                                                                    20